signed to serve members of a minority race to obtain special privilege or right because of race, creed or color. Reverse discrimination is equally prohibited by the Act. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). We therefore join in the district court's rejection of plaintiff's claim that he be immediately advanced to Class 9 manager.

Contrary to the defendant's reasoning, however, the above considerations do not, *ipso facto*, preclude Marquez from obtaining any relief. The district court may fashion the remedy to fit the circumstances. Parham v. Southwestern Bell Telephone Co., supra. Equitable considerations should be applied to correct any harm caused. Cf. Smith v. Board of Education of Morrilton Sch. Dist. No. 32, 365 F.2d 770, 783 (8 Cir. 1966). On the present record there is substantial undisputed evidence to justify plaintiff's advancement to a Class 7 field manager or to Class 8 as an administrative assistant. The fact that the plaintiff did not pray for this relief is not controlling. The record shows Marquez had satisfactorily carried out a field manager's job in the early 1950's without any difficulty. The record further demonstrates that a minimum of two to four years field experience are necessary to advance to Class 9. We *may safely assume that a field manager in a larger area or an administrative assistant in Class 8 would probably require less experience.* The fact that plaintiff was previously considered eligible for administrative assistant in 1963, then a Class 8 position, is persuasive here. We feel justice will be better served for the district court to reconsider the entire record in view of the principles herein discussed. In fashioning a remedy the district court is at liberty to consider additional evidence as to whether opportunities for advancement in Class 7 or Class 8 have arisen in the in-

tervening years since the passage of the Civil Rights Act. Any award for back pay should not, however, antedate the filing of the complaint.

For the reasons discussed we find there exists sufficient evidence to establish a prima facie case which was not given proper weight in assessing plaintiff's claim of racial discrimination. Under these circumstances we reverse and remand for further proceedings consistent with this opinion.[11]

Judgment reversed and remanded for further proceedings.

MATTHES, Chief Judge.

I concur in the result.

Mrs. Myrtis Ioannis MPILIRIS, Plaintiff-Appellee,

v.

**HELLENIC LINES, LIMITED, Transpacific Carriers Corp. and Universal Cargo Carriers, Defendants-Appellants.**

No. 31147
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 12, 1971.

---

11. In the event the court chooses to hear additional evidence to supplement the record it is at liberty to do so.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

M. L. Cook, Kenneth D. Kuykendall, Ted C. Litton, Houston, Tex., for appellants, Hellenic Lines, Limited, Transpacific Carriers Corp. and Universal Cargo Carriers; Royston, Rayzor & Cook, Houston, Tex., of counsel.

Arthur J. Mandell, Mandell & Wright, Houston, Tex., for plaintiff-appellee; Arthur J. Mandell, of counsel.

Ioannis Billiris, pro se.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed.   See Local Rule 21.[1]

---

**Roy SPEESE, Appellant,**

v.

**UNITED STATES of America.**

**No. 18851.**

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 1970.

Decided Feb. 24, 1971.

As Amended on Denial of Rehearing April 2, 1971.

---

1.  See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.